## (January 23, 1984)

■ ARMOUR HANDCRAFTS, INC., Doing Business as BUCILLA COMPANY, Respondent-Appellant, v MIAMI DECORATING AND DESIGN CENTER, INC., et al., Respondents, and EXECUTONE, INC., et al., Appellants. — In an action to recover for money had and received, defendants Executone, Inc. and Oltana Realty Corp. (Oltana) separately appeal from (1) an order of the Supreme Court, Nassau County (Levitt, J.), dated December 17, 1982, which, *inter alia,* granted plaintiff's cross motion for summary judgment against them, and (2) a judgment entered thereon on January 5, 1983, and plaintiff cross-appeals, as limited by its brief, from so much of the same order and judgment as dismissed its complaint against defendants Miami Decorating and Design Center, Inc. (Miami) and Martin H. Feinman (Feinman). Appeal and cross appeal from the order dismissed (see *Matter of Aho,* 39 NY2d 241, 248). Judgment modified, on the law, by deleting therefrom the third decretal paragraph and substituting therefor a provision granting summary judgment against defendant Miami and dismissing the complaint against defendant Feinman. As so modified, judgment affirmed, with one bill of costs payable by appellants to the plaintiff. Order modified accordingly. Special Term correctly concluded that it lacked personal jurisdiction over defendant Miami under CPLR 302 (subd [a], par 4). Nevertheless, as a foreign corporate successor to defendant Oltana Realty Corp. — a domestic corporation whose obligations it assumed under a merger agreement — Miami was required to consent to service in New York by virtue of section 907 (subd [e], par [2]) of the Business Corporation Law. Such consent is one of the substantive conditions attached by the Legislature to the authorization of mergers between domestic and foreign corporations under subdivision (a) of section 907. Although Miami failed to file the certificate of merger setting forth its consent to jurisdiction, as required by section 907, it did carry on business in this State through Oltana. Having effectively derived the benefit of the merger statute, Miami cannot now advance its blatant disregard of the law to contest jurisdiction and is estopped from so doing (see *Chautauqua County Federation v Caflisch,* 15 AD2d 260, 264; 21 NY Jur, Estoppel, §§ 34, 57). Under the circumstances, the certificate of merger containing consent will

be deemed to have been duly filed. Thus, Miami was under the court's jurisdiction, and its undertaking of Oltana's obligations rendered it liable for the sums for which Oltana was properly found liable to pay plaintiff. The parties' other points have been examined and found to be without merit. Titone, J. P., Lazer, O'Connor and Boyers, JJ., concur.