FLOYD SHELDON, Respondent-Appellant, v KIMBERLY-CLARK CORPORATION et al., Defendants; PETER J. SCHWEITZER, INC., Respondent; DARWIN E. SMITH et al., Appellants-Respondents.

Second Department, December 31, 1984

APPEARANCES OF COUNSEL

*Lipkowitz & Plaut* (*Peter Jason, Seth Cummins* and *Daniel Friedman* of counsel), for appellants-respondents.

*Meiselman, Farber, Stella & Eberz, P. C.* (*Dennis Gerard Ellis* of counsel), for respondent-appellant.

*White & Case* (*Dwight A. Healy* and *Robert J. Morrow* of counsel), for respondent.

OPINION OF THE COURT

*Per Curiam.*

Plaintiff suffered a double arm amputation on July 30, 1980, as a result of those limbs being caught between two steam-heated rollers on a machine which he operated as an employee of the defendant Kimberly-Clark Corporation (hereinafter Kimberly-Clark) at its Ancram Mill in New York. According to plaintiff, the rollers on the machine were unguarded, and were the cause of similar accidents both prior and subsequent to his injury. Plaintiff brought suit against many corporate defendants including Kimberly-Clark, and two separate entities which were both entitled Peter J. Schweitzer, Inc. One of these was merged into the Kimberly-Clark Corporation in 1958. The other was incorporated a short time later as a wholly owned subsidiary of Kimberly-Clark. Also named as party defendants, in their individual capacities, were defendants Smith, Hibbert, Ernest, Jones and Gade, who were senior officers of Kimberly-Clark. The many theories of the action include negligence, strict liability, breach of warranty, breach of contract, fraud, and in regard to the individual defendant officers, the establishment of a corporate policy of placing productivity above worker safety.

None of the five defendant officers live or work in New York. It is conceded that the only contacts between these individuals and the State of New York is through their status as senior officers of Kimberly-Clark. That corporation regularly does business in New York. Service of process on these five individuals was made outside of this State.

■Kimberly-Clark, Peter J. Schweitzer, Inc., the officers and another, moved to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 8) alleging lack of in personam jurisdiction. Special Term denied the portion of the motion which was to dismiss as against the officers without prejudice to renew following pretrial discovery and to the assertion of the jurisdictional defense in their answers. Plaintiff was given an opportunity to

discover facts which would justify the exercise of "long-arm" jurisdiction. We now modify the order of Special Term so as to grant that branch of the motion which was to dismiss the action as against these five defendants.

Plaintiff had already engaged in a significant amount of discovery prior to the time that the motion to dismiss was made. Before further discovery was warranted, plaintiff had the burden of coming forward with some form of tangible evidence which would constitute a "sufficient start" in showing that jurisdiction could exist, and that the contention that there was a basis for the exercise of "long-arm" jurisdiction was not frivolous (see *Peterson v Spartan Inds.*, 33 NY2d 463, 467; *Cato Show Print. Co. v Lee*, 84 AD2d 947). Plaintiff has failed to meet this burden.

Plaintiff attempts to establish jurisdiction under both clauses (i) and (ii) of CPLR 302 (subd [a], par 3). Both of these clauses require that the nondomiciliary defendant have committed a "tortious act" as a prerequisite to the existence of a basis for the exercise of jurisdiction over him. The tortious act which plaintiff alleges that the officers committed was to formulate a corporate policy emphasizing productivity and disregarding worker safety. As to facts tending to prove that these defendants did indeed formulate such a corporate policy, plaintiff's complaint and his attorney's affirmations consist of only bare conclusory allegations. Such allegations are not enough to constitute the "sufficient start" necessary to merit further discovery (see *Peterson v Spartan Inds., supra*, p 467).

In any event, assuming, without deciding, that plaintiff's theory of liability asserted against the defendant officers alleges a "tortious act" which is cognizable under the laws of this State, we are of the opinion that in personam jurisdiction could not be established over those defendants as they are protected by the fiduciary shield doctrine. As a general rule, this doctrine protects an out-of-State corporate officer from being subject to the jurisdiction of the courts of New York for tortious acts committed without the State, unless that officer was acting in his own personal interest rather than on behalf of the corporation. By the very nature of the claim which plaintiff presents, we are here concerned with corporate policy. We recognize that the fiduciary shield doctrine creates a "dichotomy between the principles governing the personal liability of corporate agents for torts committed in their corporate roles and the principles governing the amenability of such agents to personal jurisdiction solely on the basis of those acts" (*Marine Midland Bank v Miller*, 664 F2d 899, 902). Assuming that these officers acted in

the manner in which plaintiff suggests, it is clear that their actions were taken in a corporate, rather than a personal capacity. Accordingly, the officers are not subject to an exercise of "long-arm" jurisdiction by our courts and the branch of the motion which was to dismiss the complaint as to them should have been granted.

The cross appeal by plaintiff seeks review of the propriety of that portion of Special Term's order which dismissed the complaint as against defendant Peter J. Schweitzer, Inc. Apparently, considerable confusion has resulted from the failure of Special Term to specify which one of the two Peter J. Schweitzer, Inc., defendants was the subject of its order. Plaintiff argues that dismissal was not proper as to either party, while defendants argue that the dismissal was meant to apply to both corporations. After reviewing the record, however, we hold that Special Term meant to dismiss the action only against the first, or original, Peter J. Schweitzer, Inc. This corporation was completely absorbed, by merger, into Kimberly-Clark many years before the date of plaintiff's injury. Once such a merger has been effected, the absorbed corporation immediately ceases to exist as a separate entity, and may no longer be a named party in litigation (see *Billy v Consolidated Mach. Tool Corp.,* 51 NY2d 152; *Orzechowski v Warner-Lambert Co.,* 92 AD2d 110). The plain words of the order of dismissal support this determination, as Special Term stated that "defendant is not a separate, legal entity but rather is merely a part of the single corporate entity known as Kimberly-Clark Corporation". From these words, it is clear that Special Term meant the first Schweitzer corporation because only the first one is no longer a "separate, legal entity". The second Peter J. Schweitzer, Inc., is currently an existing legal entity duly incorporated under the laws of New York and, as such, is amenable to service of process within this State. There can be no doubt but that the action was properly dismissed only as against the first Peter J. Schweitzer, Inc.

Accordingly, the order appealed from should be modified, on the law, by deleting the provision denying the branch of the motion which was to dismiss the action for lack of jurisdiction over the persons of defendants Smith, Hibbert, Jones, Ernest and Gade, and substituting therefor a provision granting that branch of the motion, and by adding to the provision granting that branch of the motion which was to dismiss the action as against the defendant Peter J. Schweitzer, Inc., for lack of jurisdiction over it, a provision specifying that the Peter J. Schweitzer, Inc., referred to is the first of the two entities by that name denominated in the summons, being the one which was

dissolved in 1958 by merger into the defendant Kimberly-Clark Corporation. As so modified, the order appealed from should be affirmed insofar as appealed from, without costs or disbursements.

BOYERS, J. P., RUBIN, LAWRENCE and EIBER, JJ., concur.

Order of the Supreme Court, Dutchess County, entered December 19, 1983, modified, on the law, (1) by deleting therefrom the provision denying the branch of the motion which was to dismiss the action for lack of jurisdiction over the persons of the defendants Smith, Hibbert, Jones, Ernest and Gade, and substituting therefor a provision granting that branch of the motion and (2) by adding to the provision granting that branch of the motion which was to dismiss the action as against the defendant Peter J. Schweitzer, Inc., for lack of jurisdiction over it, a provision specifying that the Peter J. Schweitzer, Inc., referred to is the first of the two entities by that name denominated in the summons, being the one which was dissolved in 1958 by merger into the defendant Kimberly-Clark Corporation. As so modified, order affirmed insofar as appealed from, without costs or disbursements.