■ HASBRO BRADLEY, INC., et al., Respondents, v COOPERS & LYBRAND, Defendant, and JORDAN D. SCHNITZER, Appellant. HASBRO BRADLEY, INC., et al., Appellants-Respondents, v COOPERS & LYBRAND, Respondent-Appellant, et al., Defendant.— Order of the Supreme Court, New York County (Richard W. Wallach, J.), entered on October 28, 1985, which granted defendant Jordan D. Schnitzer's motion to dismiss plaintiffs' amended complaint, to the extent of dismissing the third cause of action with leave to serve an amended complaint, is unanimously modified, on the law, solely to the extent of dismissing with prejudice the third cause of action of plaintiffs Commodore Business Machines, Inc. and LJN Toys, Ltd. as against Schnitzer, and otherwise affirmed, without costs.

Order of the Supreme Court, New York County (Alvin F. Klein, J.), entered December 6, 1985, which, *inter alia,* granted defendant Coopers & Lybrand's motion to dismiss plaintiffs' first and second causes of action solely to the extent of dismissing plaintiffs' first cause of action, is unanimously affirmed, without costs or disbursements.

Plaintiffs, 14 companies manufacturing toys, games and novelty items, brought this action against defendant Schnitzer, sole shareholder and chief executive officer of Northern Specialty Sales, Inc. (Northern), a wholesaler of toys and related items, and defendant Coopers & Lybrand (C&L), a public accounting firm which had prepared certain of Northern's financial statements. Plaintiffs basically allege that C&L fraudulently and negligently prepared these statements by overstating accounts receivable and inventory and that, in reliance upon these statements, they were induced to extend Northern more than $17 million in open and unsecured credit. Thereafter, Northern filed for bankruptcy reorganization.

Plaintiffs, except Coleco Industries, Inc., allege in the amended complaint two causes of action against C&L. In the first cause they allege the negligence of C&L in preparing the statements and in the second the fraud and recklessness and gross negligence of C&L in knowing or failing to know that the statements were untrue and misleading. Plaintiffs, except Mattel, Inc., in the third cause of action allege that Schnitzer had made knowingly false statements to them concerning the financial condition of Northern to induce them to advance credit, and their reliance caused damages in an amount of $17 million.

Schnitzer moved to dismiss the amended complaint as against him pursuant to CPLR 3211 (a) (7), (8); 3016 (b),

alleging, *inter alia,* lack of personal jurisdiction as a resident of Oregon. Plaintiffs alleged the commission of a tort in New York which would confer jurisdiction under CPLR 302 (a) (2) and Schnitzer asserted the "fiduciary shield doctrine" as a bar to such jurisdiction. This doctrine stands for the proposition that an agent who commits a tort while acting in the State on behalf of a corporation is not thereby subject to jurisdiction.

The Supreme Court, in the first order appealed from herein, declined to recognize the validity of the fiduciary shield doctrine. It also held that the third cause of action should be repleaded so that the plaintiffs could set forth in detail the distinct transactions each had with Schnitzer, establishing the material elements of fraud as to each of them. It, therefore, dismissed the third cause of action with leave to serve an amended complaint setting forth separate causes of action on behalf of each of the plaintiffs.

We agree, for the most part, with the reasoning and result reached by the court. As pointed out by Special Term, no court of this State has adopted the fiduciary shield doctrine to bar CPLR 302 (a) (2) jurisdiction *(but see, Sheldon v Kimberly-Clark Corp.,* 105 AD2d 273), and as noted by Judge McLaughlin, the doctrine has "little to commend it", is a subject of disagreement among the Circuit Courts and no support can be found in the decisions of the United States Supreme Court (Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1986 Pocket Part, CPLR C302:3, pp 40, 42, 44-46).

Special Term did not abuse its discretion in giving plaintiffs leave to replead. A reading of the allegations of the amended complaint, together with the affidavits submitted by plaintiffs in opposition to defendant's motion to dismiss, demonstrated sufficient ground to support a claim of fraud against defendant. *(See, Cushman & Wakefield v John David, Inc.,* 25 AD2d 133, 135).

However, plaintiffs Commodore Business Machines, Inc. and LJN Toys, Ltd. alleged only that each had received Northern's statements through the mail, and neither alleged any fraudulent conduct on the part of Schnitzer in New York. Therefore, we modify solely to dismiss the actions of these two plaintiffs without leave to replead for lack of personal jurisdiction (CPLR 302 [a] [2]) and failure to state a cause of action (CPLR 3211 [a] [7]).

In the second order appealed from, Special Term correctly dismissed the first cause of action against C&L which, as

noted, alleged negligence by defendant C&L in preparation of Northern's financial statements, which plaintiffs relied upon to their detriment. However, plaintiffs failed to sufficiently establish or plead that the reports were prepared specifically for plaintiffs' intended use. *(Westpac Banking Corp. v Deschamps,* 66 NY2d 16; *Credit Alliance Corp. v Andersen & Co.,* 65 NY2d 536.)* They also failed to allege facts sufficient under the circumstances to establish a right to discovery. However, Special Term properly denied defendant C&L's motion to dismiss the second cause of action based upon fraud. Here the amended complaint sufficiently alleged false representation of a gross and reckless nature, scienter, reliance and injury. *(See, Credit Alliance Corp. v Andersen & Co., supra).* Concur—Kupferman, J. P., Sullivan, Carro and Asch, JJ.