■ ALBERT LaPORTA et al., Appellants, v ENTEN CORPORATION, Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Brown, J.), dated June 28, 1985, which denied their motion to set down the matter for an inquest and assessment of damages and granted the defendant's cross motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Albert LaPorta allegedly sustained injuries on or about February 23, 1983, in the course of his employment with Entenmann's, Inc., for which he received workers' compensation benefits. Thereafter, the plaintiffs commenced this action against the defendant Enten Corporation (hereinafter Enten). In an affirmation in support of a cross motion to dismiss, counsel for Enten maintained that on January 25, 1979, Enten was merged into Entenmann's, Inc., and ceased to exist. Enten's counsel annexed a copy of the certificate of merger filed with the Secretary of State reflecting this fact. The plaintiffs maintained that the subject premises was owned by Enten because the deed on file in the office of the County Clerk of Suffolk County indicated that the property was owned by Enten.

Business Corporation Law § 906 (b) (2) provides that upon the filing of a certificate of merger with the Secretary of State, "[a]ll the property, real and personal * * * shall vest in [the] surviving * * * corporation without further act or deed". Thus, upon the filing of the certificate of merger, Enten ceased to be the owner of the subject property and cannot be held liable for injuries occurring thereupon, notwithstanding the fact that the deed containing the defendant's name remained on file in the County Clerk's office (see, Fioranelli v News Bldg. Corp., 102 Misc 2d 825). Niehoff, J. P., Rubin, Eiber and Kunzeman, JJ., concur.