**12** CARL A. MATHISON, III, Appellant, v HELEN T. ZOCCO, Respondent. [615 NYS2d 745] —In an action to recover damages for libel and contractual interference, the plaintiff appeals from so much of an order of the Supreme Court, Dutchess County (Beisner, J.), dated December 15, 1992, as (1) denied the plaintiff's motion to compel disclosure, and (2) denied the plaintiff's separate motion for leave to serve a supplemental summons and amended complaint adding another defendant.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, Carl Mathison, was a Probation Officer and was the past president of Local 814 of the Civil Service Employees Association (hereinafter CSEA) Bargaining Unit. The defendant, Helen Zocco, is the current president of Local 814. On or about January 3, 1991, Zocco sent a letter to Mathison's employer in the Probation Department, and to William Burke, the CSEA Regional Attorney who is currently representing Zocco in this action. In this letter, Zocco explained how she had been arrested for driving while intoxicated and how Mathison has been making use of that arrest to "harass" her in his position as a probation officer. Zocco requested that the Probation Department take action against Mathison, and made a formal complaint against Mathison.

Mathison commenced this action, alleging that Zocco had libeled him through the publication of the letter, and interfered with his contractual relationship with his employer. After Zocco served her answer, Mathison moved to add CSEA as a party defendant. Mathison claimed that CSEA should be a party to this action because CSEA ratified and condoned Zocco's actions by having its attorney represent her in this matter. Mathison also moved to direct Zocco to produce the minutes and tape recordings of certain union meetings because Mathison alleged that Zocco may have made some statements about him at these meetings. The court denied both motions and Mathison appeals.

"Although a motion to amend a pleading should be freely given absent a showing of prejudice or surprise to the opposing party * * * an amendment which is devoid of merit, and whose insufficiency or lack of merit is 'clear and free from doubt' will not be permitted" *(Hauptman v New York City Health & Hosps. Corp.,* 162 AD2d 588, 589; *see also, Thomson McKinnon Sec. v Cioccolanti,* 135 AD2d 624). At bar, it is clear that there is no merit to Mathison's claim against CSEA. We find that Zocco was acting in an individual capacity and not as president of the local CSEA unit when she sent the letter to Mathison's employer *(see generally, Loughry v First Lincoln Bank,* 67 NY2d 369, 377). Moreover, the fact that CSEA's Regional Attorney is representing Zocco in this action does not constitute an act of ratification by CSEA.

With regard to Mathison's motion to compel disclosure, the documents sought by Mathison are confidential minutes of union meetings held and conducted for CSEA Local 814. As such, these documents are not owned by Zocco in her individual capacity but are owned by CSEA. Rosenblatt, J. P., Miller, Ritter and Santucci, JJ., concur.