[657 NYS2d 816]

MICHAEL HOLMBERG, Respondent, v ATTRACTIONS LAND, INC., et al., Appellants.

Third Department, May 15, 1997

APPEARANCES OF COUNSEL

*Roemer Wallens & Mineaux, L. L. P.,* Albany *(Matthew J. Kelly* of counsel), for appellants.

*Catherine A.. Burkly,* Greenwich, for respondent.

## OPINION OF THE COURT

CARDONA, P. J.

On July 7, 1992, plaintiff was injured at the Great Escape amusement park in the Town of Queensbury, Warren County, when the ladder from which he was painting fell. At the time of the accident, plaintiff was employed by defendant International Broadcasting Corporation (hereinafter IBC), a Minnesota corporation doing business as the Great Escape. Plaintiff filed for workers' compensation benefits. In 1995, plaintiff commenced this personal injury action asserting claims for negligence and a violation of Labor Law § 240 against three corporations: IBC; defendant Attractions Land, Inc., a New York corporation and the record owner at the time of the ac-

cident of the land on which the amusement park is located; and defendant International Broadcasting Corporation Acquisition Corporation (hereinafter IBCAC), a Minnesota corporation alleged to be the entity responsible for payment of taxes on the premises at the time of the accident. IBCAC merged into IBC in Minnesota on January 1, 1991. Defendants answered and subsequently moved for summary judgment dismissing the complaint, contending that various preaccident corporate mergers left only IBC as a party to plaintiff's actions, but that plaintiff was barred from asserting these claims against IBC by the exclusivity provisions of Workers' Compensation Law § 11. Supreme Court denied defendants' motion. Defendants appeal.

The narrow issue presented is whether a merger between IBC and Attractions Land, which occurred in Minnesota on December 1, 1990, was effective before or after plaintiff's accident. If the merger was effective before the accident, then Attractions Land ceased to exist as a separate entity accountable to plaintiff for its alleged tortious conduct as a landowner (*see, Billy v Consolidated Mach. Tool Corp.*, 51 NY2d 152; *Sheldon v Kimberly-Clark Corp.*, 105 AD2d 273, 276). If, on the other hand, the merger was not effective until after the accident, then IBC, as the successor corporation, would be answerable for any liability owed by Attractions Land to plaintiff as a third-party tortfeasor (*see, Billy v Consolidated Mach. Tool Corp., supra*, at 161), notwithstanding the fact that as plaintiff's employer "[it] would otherwise be immune from suit under [Workers' Compensation Law] section 11" (*supra*, at 162).

Plaintiff contends that until IBC filed its certificate of merger with the New York Secretary of State as required under Business Corporation Law § 907 (e) (2), the merger was not complete. Defendants counter that the filing of the certificate is a ministerial act which was cured by the late filing on December 1, 1992, and in any event a de facto merger between Attractions Land and IBC occurred in New York prior to plaintiff's accident.

■ Initially, we reject defendants' contention that the filing of a certificate of merger is a mere ministerial act. Business Corporation Law §§ 906 and 907 assign significant legal import to the filing of a certificate. In addition to marking the earliest date upon which the merger of a domestic and a foreign corporation becomes effective (*see*, Business Corporation Law § 907 [g]), the filing also represents the earliest date when all of the rights, property and assets of the absorbed corporation vest in the surviving corporation (*see*, Business Corporation

Law § 906 [b] [1], [2]; *LaPorta v Enten Corp.*, 125 AD2d 367; *American Cement Corp. v Underhill Constr. Corp.*, 36 AD2d 849) and the date when the absorbed corporation ceases existence as a separate entity (*see, Sheldon v Kimberly-Clark Corp.*, 105 AD2d 273, 276, *supra*). We also note that a certificate must set forth the surviving corporation's consent to service in New York, a "substantive condition[ ] attached by the Legislature to the authorization of mergers between domestic and foreign corporations" (*Armour Handcrafts v Miami Decorating & Design Ctr.*, 99 AD2d 521; *see*, Business Corporation Law § 907 [e] [2] [E]). Thus, the filing of a certificate of merger may not be regarded as an inconsequential technicality.

Turning to defendants' claim that IBC existed as a de facto corporation on the date of plaintiff's accident, we find defendants' proof of the issuance of a certificate of authority under Tax Law articles 28 and 29 by the State Department of Taxation and Finance insufficient to demonstrate "a colorable attempt to comply with the statutes governing incorporation" (*Clinton Investors Co., II v Watkins*, 146 AD2d 861, 863; *see, Kiamesha Dev. Corp. v Guild Props.*, 4 NY2d 378, 388). Furthermore, we note that the doctrine of de facto corporation has only been invoked by our courts in the tort context to establish, and not to avoid, liability against a successor corporation (*see generally, Winch v Yates Am. Mach. Co.*, 205 AD2d 1001, *lv dismissed* 84 NY2d 1027; *Sweatland v Park Corp.*, 181 AD2d 243; *Wensing v Paris Indus.*, 158 AD2d 164), a policy consistent with society's need "to ensure that a source remains to pay for [a] victim's injuries" (*Grant-Howard Assocs. v General Housewares Corp.*, 63 NY2d 291, 297). Accordingly, we find that the merger between Attractions Land and IBC became effective on December 1, 1992, following plaintiff's accident, and as a result IBC is answerable for any liability owed by Attractions Land to plaintiff as a third-party tortfeasor (*see, Billy v Consolidated Mach. Tool Corp.*, 51 NY2d 152, 161, *supra*).

CASEY, PETERS, SPAIN and CARPINELLO, JJ., concur.

Ordered that the order is affirmed, with costs.