◼ BETH MILLER et al., Appellants, v UNITED RENTALS AERIAL EQUIPMENT et al., Respondents. [756 NYS2d 613] —In an action to recover damages for personal injuries, etc. the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Dye, J.), dated April 1, 2002, which denied their motion for leave to amend the complaint to increase the ad damnum clause, and (2) an order of the same court dated September 30, 2002, which denied their motion, in effect, for leave to renew their motion for leave to amend the complaint.

Ordered that the appeal from the order dated April 1, 2002, is dismissed as academic in light of our determination of the appeal from the order dated September 30, 2002; and it is further,

Ordered that the order dated September 30, 2002, is reversed, on the law, the motion for leave to renew is granted, and upon renewal, the order dated April 1, 2002, is vacated and the motion for leave to amend the complaint to increase the ad damnum clause is granted; and it is further,

. Ordered that the plaintiffs shall serve the amended complaint

within 30 days after service on them of a copy of this decision and order; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

This action was brought by Beth Miller, and derivatively by her husband, for injuries she sustained as a result of a rear-end collision on March 28, 2000. Issue was joined on or about November 8, 2000. On November 1, 2001, the plaintiffs moved for leave to amend the complaint to increase the ad damnum clause. The Supreme Court denied the motion on the ground that the doctor's affidavit submitted in support thereof failed to suggest newly discovered injuries or a worsened condition or a dramatic change from the doctor's first assessment of the injuries sustained by the injured plaintiff. The plaintiffs subsequently moved, in effect, for leave to renew their prior motion. The Supreme Court also denied the subsequent motion.

A motion to increase the ad damnum clause based on a claim of increased injuries must be supported by two affidavits: (1) one by the plaintiffs that demonstrates "the merits of the case, the reasons for the delay, and the fact that the increase is warranted by reason of facts which have recently come to the attention of the plaintiff[s] and excusing the failure or negligence necessitating the amendment so far as these facts are within the knowledge of the plaintiff[s]" and (2) one by a doctor showing a causal connection between the injuries and the underlying accident and a consistent course of treatment for the injuries caused by the accident (*Lopez v Alexander,* 251 AD2d 297, 297 [1998], quoting *London v Moore,* 32 AD2d 543, 543 [1969], quoting *Koi v P.S. & M. Catering Corp.,* 15 AD2d 775, 775-776 [1962]). In general, in the absence of prejudice to the defendant, a motion for leave to amend the ad damnum clause should be granted (*see Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18, 23 [1981]).

The plaintiffs' subsequent motion, in effect, for leave to renew their prior motion, was based on new facts not available on the original motion (*see* CPLR 2221 [e] [2]), including, but not limited to, a second surgery that the injured plaintiff underwent after the issuance of the prior order. Thus, the Supreme Court should have granted leave to renew. Additionally, the plaintiffs adequately supported their allegations of increased injuries causally related to the subject accident and resulting damages arguably in excess of the original estimate. Accordingly, upon renewal, the plaintiffs' motion for leave to amend the complaint to increase the ad damnum clause should have been granted.

The defendants' remaining contentions are without merit. Ritter, J.P., McGinity, Townes and Mastro, JJ., concur.