■ Valentin Saldivar et al., Appellants, v I.J. White Corporation et al., Respondents. Breakfast Productions, Inc., Proposed Additional Respondent. [780 NYS2d 28]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court,

Kings County (Held, J.), dated June 18, 2003, as denied those branches of their motion which were for leave to join Breakfast Productions, Inc., as a defendant, for leave to serve an amended complaint adding new allegations against the defendant I.J. White Corporation, and for leave to increase the ad damnum clause.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiffs' motion which was for leave to serve an amended complaint to add new allegations against the defendant I.J. White Corporation and substituting therefor a provision granting that branch of the motion to the extent of granting leave to serve an amended complaint incorporating those new allegations against the defendant I.J. White Corporation contained in paragraphs 1, 2, 4 through 15, 18 (except for any increase in the ad damnum clause), 19, and 20 of the proposed amended complaint and otherwise denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the plaintiffs' time to serve an amended complaint is extended until 30 days after service upon them of a copy of this decision and order.

The plaintiff Valentin Saldivar was injured at his place of work when parts of his body became caught in a piece of equipment used to cool baked goods. He commenced this action against the manufacturer of the equipment, the defendant I.J. White Corporation (hereinafter I.J. White). He later sought leave, inter alia, to serve an amended complaint adding as a defendant Breakfast Productions, Inc. (hereinafter Breakfast), an entity allegedly related to the injured plaintiff's former employer, and to substantially increase the ad damnum clause as to the plaintiff Valentin Saldivar, and to incorporate additional allegations against I.J. White.

On this record, Breakfast failed to establish that it formally merged into the injured plaintiff's employer (and therefore had ceased to exist) prior to the date of the accident (*see* Business Corporation Law § 906 [a]; *Holmberg v Attractions Land,* 230 AD2d 362, 364-365 [1997]). However, contrary to the plaintiffs' contentions, the proposed causes of action asserted against Breakfast which are predicated on nuisance and Labor Law §§ 240 and 241 (6) are either palpably insufficient as a matter of law or otherwise totally devoid of merit (*see Ruddock v Boland Rentals,* 5 AD3d 368 [2004]). Thus, the court providently exercised its discretion in denying that branch of the plaintiffs' motion which was for leave to join Breakfast as a defendant (*see Mathison v Zocco,* 207 AD2d 434, 435 [1994]).

The plaintiffs failed to provide any explanation in support of their request for leave to increase the ad damnum clause from the sum of $1 million to the sum of $2.5 million with respect to the injured plaintiff. Under the circumstances, the court's refusal to permit such an amendment was provident (*see Muneeb v Qi-Xiong Cen,* 303 AD2d 661 [2003]; *see also Miller v United Rentals Aerial Equip.,* 303 AD2d 471 [2003]; *Lopez v Alexander,* 251 AD2d 297 [1998]).

However, the court should have permitted the plaintiffs to amend the complaint in order to amplify their pleadings against I.J. White. To the extent the proposed amendments merely reflected new facts uncovered during discovery and were consistent with the plaintiffs' existing theories sounding in strict products liability and negligence, they were not devoid of merit and would not result in significant prejudice or surprise (*see* CPLR 3025 [b]; *Hunt v Pierce Mfg.,* 298 AD2d 430, 431 [2002]; *Holchendler v We Transp.,* 292 AD2d 568, 569 [2002]).

The parties' remaining contentions are without merit. Santucci, J.P., Schmidt, Townes and Mastro, JJ., concur.