338

PAMELA PEYCKE, Respondent-Appellant, v NEWPORT MEDIA ACQUISITION II, INC., Appellant-Respondent, and A. CIESINSKI SNOW PLOWING, INC., Respondent. [793 NYS2d 92]—

In an action to recover damages for personal injuries, the defendant Newport Media Acquisition II, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Dunne, J.), dated September 25, 2003, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and granted that branch of the cross motion of the defendant A. Ciesinski Snow Plowing, Inc., which was for summary judgment dismissing all cross claims insofar as asserted against it, and the plaintiff cross-appeals from the same order.

Ordered that the cross appeal by the plaintiff is dismissed as abandoned; and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of the defendant A. Ciesinski Snow Plowing, Inc., which was to dismiss the cross claim by the defendant Newport Media Acquisition II, Inc., for common-law and contractual indemnification, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Newport Media Acquisition II, Inc., payable by the defendant A. Ciesinski Snow Plowing, Inc.

On January 15, 2001, the plaintiff, an employee of DSA Community Publishing (hereinafter DSA), allegedly was injured at work when she slipped and fell on ice in the office parking lot. She commenced this action against the defendant Newport Media Acquisition II, Inc. (hereinafter Newport), the alleged

owner of the building, and the defendant A. Ciesinski Snow Plowing, Inc. (hereinafter A. Ciesinski), the company responsible for clearing snow and ice from the office parking lot. The Supreme Court denied Newport's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and granted A. Ciesinski's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. We modify.

The Supreme Court properly determined that triable issues of fact exist as to whether Newport formally merged into the plaintiff's employer (and therefore had ceased to exist) prior to the date of the accident, thereby entitling it to avail itself of the workers' compensation defense (see Saldivar v I.J. White Corp., 9 AD3d 357 [2004]; Holmberg v Attractions Land, Inc., 230 AD2d 362 [1997]). Although Newport presented some evidence of a merger, that evidence fell short of establishing Newport's entitlement to judgment as a matter of law.

However, the Supreme Court erred in granting that branch of A. Ciesinski's cross motion which was for summary judgment dismissing Newport's cross claim seeking common-law and contractual indemnification. A. Ciesinski failed to establish its entitlement to judgment as a matter of law dismissing the cross claim which was for common-law indemnification. A triable issue of fact exists as to whether the plaintiff's injuries were attributable to the nonperformance of an act that was solely within the province of A. Ciesinski (see Baratta v Home Depot USA, 303 AD2d 434, 435 [2003]; Mitchell v Fiorini Landscape, Inc., 284 AD2d 313, 314 [2001]). Moreover, A. Ciesinski failed to sustain its burden on the issue of contractual indemnification since a question of fact exists with respect to whether it breached the contract by failing to perform one or more of the services for which it was retained (see Boskey v Gazza Props., 248 AD2d 344, 346 [1998]). If the plaintiff is successful against Newport for negligent failure to maintain the parking lot, A. Ciesinski may be required to indemnify Newport (see Coyle v Long Is. Sav. Bank, 248 AD2d 350, 351 [1998]). Santucci, J.P., Krausman, Mastro and Skelos, JJ., concur.