In an action, inter alia, to recover damages for breach of contract, the plaintiffs J. Leonard Spodek, also known as Leonard Spodek, and Rosalind Spodek appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Lally, J.), entered May 24, 2011, as denied those branches of their motion which were for leave to amend the amended complaint to add causes of action alleging violations of *759 Real Property Law § 440 et seq. and mismanagement/managerial neglect, and to join certain entities as defendants.
Ordered that the order is affirmed insofar as appealed from, with costs.
The Supreme Court providently exercised its discretion in denying that branch of the appellants’ motion which was for leave to amend the amended complaint to add causes of action alleging violations of Real Property Law § 440 et seq. and mismanagement/managerial neglect. “ ‘Leave to amend a pleading should be freely given (see CPLR 3025 [b]), provided the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit’ ” (Clark v Clark, 93 AD3d 812, 816 [2012], quoting Ortega v Bisogno & Meyerson, 2 AD3d 607, 609 [2003]). “ ‘A determination whether to grant such leave is within the Supreme Court’s broad discretion, and the exercise of that discretion will not be lightly disturbed’ ” (Tarek Youssef Hassan Saleh v 5th Ave. Kings Fruit & Vegetables Corp., 92 AD3d 749, 750 [2012], quoting Peerless Ins. Co. v Micro Fibertek, Inc., 67 AD3d 978, 980 [2009]). Here, the proposed additional causes of action were, among other things, patently devoid of merit.
Furthermore, as the appellants only sought relief against the proposed additional defendants in the proposed additional causes of action, that branch of their motion which was for leave to join those entities as defendants was properly denied (see generally Saldivar v I.J. White Corp., 9 AD3d 357, 358 [2004]). Mastro, J.P., Skelos, Leventhal and Chambers, JJ., concur.