In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiffs appeal (1) from an order of the Supreme Court, Nassau County (Driscoll, J.), entered October 20, 2011, which denied their motion pursuant to CPLR 3025 (b) for leave to amend the complaint to add causes of action alleging violations of Real Property Law §§ 440-a and 442-a, and (2), as limited by their brief, from so much of an order of the same *1043 court entered November 17, 2011, as granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order entered October 20, 2011, is affirmed; and it is further,
Ordered that the order entered November 17, 2011, is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the defendants.
The plaintiffs, Chi Lo Liu and Huag Su Ying Liu, owned certain real property in Manhattan (hereinafter the premises). In 2006, the plaintiffs entered into a contract to sell the premises to the defendant Refsnart Corp. (hereinafter Refsnart), a “nominee corporation” of which the defendant Joel Radmin was a principal. The transaction came about after the plaintiff Chi Lo Liu had received a telephone call from the defendant Michael Langone, who worked for the defendant Extreme Realty, LLC (hereinafter Extreme), a real estate brokerage firm partly owned by Radmin, during which Langone asked if the plaintiffs were interested in selling the premises. At his deposition, Chi Lo Liu denied that he ever asked Langone to be his agent, or that he ever asked an individual working on behalf of Extreme to be his agent. Chi Lo Liu also stated that to his understanding, Extreme and Refsnart were not his agents.
After the plaintiffs sold the premises, they commenced this action against, among others, Langone, Extreme, Radmin, and Refsnart. The complaint asserted, among other things, causes of action alleging “faithless service broker fraud,” breach of fiduciary duty, and fraud. The defendants moved for summary judgment dismissing the complaint. While that motion was pending, the plaintiffs moved pursuant to CPLR 3025 (b) for leave to amend the complaint to add causes of action alleging violations of Real Property Law §§ 440-a and 442-a.
The Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint. The defendants established, prima facie, that they were not agents of the plaintiffs, and that they owed no fiduciary duty to them. “A conventional business relationship, without more, is insufficient to create a fiduciary relationship” (Legend Autorama, Ltd. v Audi of Am., Inc., 100 AD3d 714, 717 [2012]). Since the defendants were not the plaintiffs’ agents, the plaintiffs could not have justifiably relied on any alleged misrepresentations made by them regarding the value of the property (see Sitar v Sitar, 61 AD3d 739, 742 [2009]).
The Supreme Court providently exercised its discretion in denying the plaintiffs’ motion for leave to amend the complaint *1044 to add causes of action alleging violations of Real Property Law §§ 440-a and 442-a, as the proposed additional causes of action were patently devoid of merit (see Spodek v Neiss, 104 AD3d 758, 759 [2013]). Skelos, J.P, Dickerson, Lott and Roman, JJ., concur. [Prior Case History: 2011 NY Slip Op 32717(U).]