Conversano v Ad Gelato, Inc. (2019 NY Slip Op 06471)





Conversano v Ad Gelato, Inc.


2019 NY Slip Op 06471


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-00759
 (Index No. 17257/14)

[*1]Robin Conversano, appellant, 
v
Ad Gelato, Inc., et al., respondents.


John Breen (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Paul H. Seidenstock, and Christopher Soverow], of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli), dated November 28, 2017. The order denied the plaintiff's motion for leave to renew her opposition to the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, which had been granted in an order of the same court dated November 21, 2016.
ORDERED that the order dated November 28, 2017, is reversed, on the law, with costs, the plaintiff's motion for leave to renew her opposition to the defendants' motion for summary judgment is granted, upon renewal, the order dated November 21, 2016, is vacated, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in a motor vehicle accident. In an order dated November 21, 2016, the Supreme Court granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The plaintiff moved for leave to renew her opposition to the defendants' motion, submitting in support thereof an affirmation from a physician who had performed surgery on the cervical region of the plaintiff's spine after the defendants moved for summary judgment, but before the court granted the defendants' motion. The court denied the plaintiff's motion, and the plaintiff appeals.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]). Contrary to the Supreme Court's determination, the plaintiff provided a reasonable justification for her failure to submit, in opposition to the defendants' summary judgment motion, the affirmation of the physician who had performed surgery on the cervical region of the plaintiff's spine while the defendants' motion was pending, because that affirmation was not available at the time she opposed the defendants' motion (see Morales v Coram Materials Corp., 64 AD3d 756, 758; Miller v United Rentals Aerial Equip., 303 AD2d 471). This new evidence was sufficient to raise a triable issue of fact as to whether the alleged injury to the cervical region of the plaintiff's spine was caused by the accident (see Perl v Meher, 18 NY3d 208, 218-219). Accordingly, the court should have granted [*2]the plaintiff's motion for leave to renew, and, upon renewal, should have denied the defendants' motion for summary judgment dismissing the complaint.
MASTRO, J.P., RIVERA, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court