■ JOSEPHINE M. SIMMONS, Respondent, v MICHAEL D. AUSTIN et al., Appellants.—Mercure, J. Appeal from an order of the Supreme Court (Ellison, J.), entered October 2, 1989 in Tompkins County, which granted plaintiff's motion for leave to amend the complaint.

Plaintiff commenced this action in February 1987 as a result of a May 1986 automobile accident. The complaint alleged monetary damages of $100,000, the amount of defendant's insurance coverage. In September 1989, at a time when trial of the action had been adjourned to October 1989, plaintiff moved for leave to amend the complaint to increase the ad damnum clause to $300,000. Supreme Court granted the motion and defendant appeals.

We affirm. The motion to amend the complaint was supported by competent medical evidence of a change in plaintiff's condition, including lumbar surgery performed in January 1989, and there has been no showing of prejudice or surprise. Defendant was made aware of a change of circumstances due to the surgery as early as February 1989 and, in May 1989, plaintiff increased her settlement demand to $150,000. Moreover, Supreme Court accommodated defendant by adjourning the trial, now stayed pending appeal, and permitting a physical examination of plaintiff. Amendments to the ad damnum clause will be freely granted prior to trial in the absence of " 'lateness coupled with significant prejudice to the other side' " (Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959, quoting Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3025:5, at 477; see, Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18). Finally, it is fundamental that the absence of insurance coverage does not constitute prejudice warranting denial of a motion to amend under CPLR 3025 (b) (see, Gesing v Fadale, 145 AD2d 978). We must conclude, therefore, that Supreme Court did not abuse its discretion in permitting plaintiff to amend her complaint.

Order affirmed, with costs. Kane, J. P., Weiss, Mikoll, Mercure and Harvey, JJ., concur.