[648 NYS2d 825]

STATE OF NEW YORK, Appellant-Respondent, v TARRYTOWN CORPORATE CENTER II et al., Defendants, and GREATER NEW YORK MUTUAL INSURANCE COMPANY, Respondent-Appellant.

Third Department, October 31, 1996

## APPEARANCES OF COUNSEL

*Dennis C. Vacco, Attorney-General*, Albany (*Peter G. Crary* and *Patrick Barnett-Mulligan* of counsel), for appellant-respondent.

*O'Connor, O'Connor, Mayberger & First, P. C.*, Albany (*Kimberly A. Troisi* of counsel), for respondent-appellant.

## OPINION OF THE COURT

CREW III, J.

Plaintiff, by its second amended complaint, commenced this action seeking to recover the costs incurred by it in connection with the cleanup and removal of a discharge of petroleum that apparently occurred in January 1981 on or near property owned by defendant Tarrytown Corporate Center II (hereinafter TCC) in the Village of Tarrytown, Westchester County. Insofar as is relevant to this appeal plaintiff seeks, in its fourth cause of action, to recover from TCC's liability carrier, defendant Greater New York Mutual Insurance Company (hereinafter defendant), the statutory penalties available under Navigation Law § 192. Following joinder of issue and discovery, defendant moved for summary judgment seeking, *inter alia*, dismissal of the fourth cause of action, and plaintiff cross-moved for, *inter alia*, dismissal of defendant's affirmative defenses. Defendant's motion for summary judgment dismissing plaintiff's fourth cause of action of the second amended complaint was granted by Supreme Court by order entered May 23, 1995, and this appeal by plaintiff ensued.[1]

The crux of plaintiff's argument on appeal is that defendant, in response to a demand for interrogatories, knowingly submitted false information in connection with plaintiff's claim for damages resulting from the 1981 discharge and, as such, is liable for the statutory penalties available under Navigation Law § 192, which provides that: "Any person who knowingly

---

1. Defendant apparently settled with TCC and City Insurance Company, TCC's excess liability carrier, and the action against those entities was discontinued in September 1995. Although defendant cross-appealed from so much of Supreme Court's May 1995 order as denied its motion for summary judgment dismissing the second amended complaint in its entirety, it has elected, in view of the foregoing settlement, not to pursue its appeal in this regard.

gives or causes to be given any false information as a part of, or in response to, any claim made pursuant to this article for cleanup and removal costs, direct or indirect damages resulting from a discharge, or who otherwise violates any of the provisions of this article or any rule promulgated thereunder or who fails to comply with any duty created by this article shall be liable to a penalty of not more than [$25,000] for each offense in a court of competent jurisdiction. If the violation is of a continuing nature each day during which it continues shall constitute an additional, separate and distinct offense." The term "person", as defined by Navigation Law § 172 (14), includes "public or private corporations, companies, associations, societies, firms, partnerships, joint stock companies, individuals, the United States, the state of New York and any of its political subdivisions or agents", and Navigation Law § 190 authorizes plaintiff to bring a claim for the costs of cleanup and removal, civil penalties or damages directly against an insurer.

By letter dated February 2, 1981, plaintiff advised TCC that it had retained a firm to clean up a spill that apparently originated on TCC's property. This letter further provided that additional testing would be needed to determine the source of the discharge and that, pursuant to Navigation Law article 12, TCC, if determined to be the source of the spill, would be liable for all costs associated with the spill, including the $25,000 per occurrence penalty imposed by Navigation Law § 192.

Thereafter, by letter dated February 4, 1981, TCC advised Jerome Trupin, an insurance broker for defendant, that its fuel supplier had conducted certain tests and determined that there was a substantial break in a fuel line on its property. Although expressing its willingness to repair the break, TCC further advised Trupin that "[i]n an attempt to protect our insurance company should they be required to defend us, as well as themselves, we have not made the results of the test available to either the Department of Transportation or the Department of Environmental Conservation".[2] In its October 1990 response to plaintiff's interrogatories, however, defendant indicated, with respect to its knowledge of the aforementioned discharge, that "[a]t sometime on or subsequent to February 27, 1981,

---

2. Plaintiff apparently did not become aware of the February 1981 letter to Trupin until 1989, when the document was provided during discovery, and during the intervening years plaintiff allegedly expended substantial sums of money in an effort to locate the source of the discharge and remediate the effects thereof.

[TCC] reported to [defendant], that a pressure test indicated a break on the return side of an oil line, but this report, upon excavation, proved to be incorrect".

Although essentially conceding that such information was erroneous, defendant contends that the error in its response was unintentional and inadvertent.[3] Plaintiff, on the other hand, pointing to the text of the February 4, 1981 letter to Trupin, asserts that such information knowingly was given to avoid liability under Navigation Law article 12. Whether viewed as "incorrect", "erroneous" or "false", it is clear that the information provided by defendant in its response to plaintiff's interrogatories was not accurate and, as such, the first prong of Navigation Law § 192 has been satisfied. As to the issue of whether defendant provided such information knowingly, we are of the view that TCC's February 1981 letter to Trupin, which defendant does not dispute receiving, indeed is sufficient to raise a question of fact in this regard and, as such, defendant's motion for summary judgment dismissing the fourth cause of action of the second amended complaint should not have been granted.

As a final point, we note that defendant places substantial emphasis upon the fact that plaintiff was aware of both the discharge and the existence of the February 1981 letter prior to receiving defendant's response to plaintiff's interrogatories in 1990 and, as such, defendant argues, plaintiff cannot credibly claim either that it was misled by or that additional sums were expended as a result of the incorrect information provided. While defendant's argument on this point is facially appealing, it nevertheless is irrelevant to the question presented. Although potentially relevant to the amount of penalty recoverable, such issues have no bearing upon whether there has been a violation of the statute in the first instance. Navigation Law § 192 plainly and unambiguously provides that any person who knowingly gives false information in connection with a claim under Navigation Law article 12 shall be liable for a penalty not to exceed $25,000 per occurrence, and the statute, which clearly is designed to have a deterrent effect, simply does not carve out the exceptions advanced by defendant.

CARDONA, P. J., MIKOLL, YESAWICH JR. and SPAIN, JJ., concur.

3. Defendant attempted to supplement its response to plaintiff's interrogatories in order to "clarify" the issue, but its application in this regard was denied by Supreme Court.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion for partial summary judgment dismissing the fourth cause of action of the second amended complaint; said motion denied; and, as so modified, affirmed.