■ MICHAEL HENDERSON et al., as Limited Administrators of the Estate of JOSEPH R. HENDERSON, Deceased, Respondents, v

UNITED PARCEL SERVICE, INC., Appellant, et al., Defendant. [665 NYS2d 764] —Carpinello, J. Appeal from that part of an order of the Supreme Court (Torraca, J.), entered April 17, 1997 in Ulster County, which, *inter alia*, granted plaintiffs' cross motion for leave to amend the complaint.

On June 18, 1996, plaintiffs' five-year-old son (hereinafter decedent) was fatally injured when a delivery truck owned by defendant United Parcel Service, Inc. (hereinafter defendant) and driven by one of its employees struck decedent while he was riding his bicycle in the driveway at his home. After being appointed limited administrators of decedent's estate, plaintiffs commenced this wrongful death action against defendant and its employee seeking compensatory damages of $1,000,000, damages for decedent's pain and suffering in the amount of $250,000 and punitive damages in the amount of $2,000,000. Following joinder of issue, defendant served various discovery demands upon plaintiffs, including a demand for a bill of particulars.* After receiving plaintiffs' bill of particulars, defendant moved to strike it on the ground, *inter alia*, that it was unresponsive. Plaintiffs, in turn, cross-moved, *inter alia*, for leave to amend their complaint to add a cause of action for intentional infliction of emotional distress and to increase the ad damnum clauses for compensatory damages to $2,000,000, for punitive damages to $10,000,000 and for decedent's pain and suffering to $1,000,000. Supreme Court, *inter alia*, granted plaintiffs leave to make the requested amendments and this appeal by defendant ensued.

Although leave to amend the pleadings is within the discretion of the trial court and shall be "freely given" absent significant prejudice to the opposing party (CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959; *Tate v Metropolitan Life Ins. Co.*, 186 AD2d 859), we nevertheless conclude that the amendments should not have been allowed under the instant circumstances. In so doing, we make a distinction between the amendment to add a cause of action which is legally insufficient and the amendments to increase the ad damnum clauses for which inadequate factual support was presented.

In support of plaintiffs' proposed cause of action for intentional infliction of emotional distress, plaintiff Dawn Henderson (hereinafter Henderson) merely averred that, after the fatal accident, she received a business solicitation call from a representative of defendant which she claims "was done to upset me and make me either emotionally distraught to the

---

* Sometime after service of her answer, the action was discontinued against the employee.

point that I would withdraw the claims being brought against them or for some other reason unknown to me". These allegations do not constitute "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress", as is necessary to state a cognizable claim for intentional infliction of emotional distress (*Howell v New York Post Co.*, 81 NY2d 115, 121). Therefore, this proposed amendment is without merit as a matter of law and should not have been allowed (*see, Bellevue Bldrs. Supply v Audubon Quality Homes*, 213 AD2d 824, 825; *Mathison v Zocco*, 207 AD2d 434, 435; *Smith v Bessen*, 161 AD2d 847, 848).

In contrast, that portion of plaintiffs' cross motion to increase the ad damnum clauses was simply inadequately supported by the present record. Plaintiffs did not submit a physician's affidavit or any other medical evidence to substantiate their request for an increase in damages for decedent's pain and suffering (*see, e.g., Chafee v Gardner*, 188 AD2d 818, 819, *lv dismissed* 81 NY2d 1007; *Sulem v B.T.R. E. Greenbush*, 187 AD2d 816, 818). As to their request for an increase in compensatory damages, plaintiffs offered nothing more than Henderson's statement that "[decedent] was a special child who we believe would, over time, come to be a leader in the family and we would have been financially dependent upon him in our old age". Plaintiffs' request for an increase in punitive damages was similarly lacking in evidentiary support inasmuch as plaintiffs relied only upon the fact that defendant is a billion dollar company and its alleged practice of failing to use appropriate rear mirrors on its vehicles. Notably, the latter factor provided a basis for plaintiffs' request for punitive damages in the first instance. In view of the above, the subject amendments should not have been permitted. In this regard we note, however, that CPLR 3025 (c) permits pleadings, including ad damnum clauses, to be amended either before or after judgment to conform to the evidence (*see, Hancock v 330 Hull Realty Corp.*, 225 AD2d 365; *see also, Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18).

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted that part of plaintiffs' cross motion seeking leave to amend the complaint; cross motion denied to that extent; and, as so modified, affirmed.