■ STATE OF NEW YORK, Respondent, v SUPER VALUE, INC., Appellant. [682 NYS2d 492] —Mikoll, J. P. Appeals (1) from an order of the Supreme Court (Harris, J.), entered July 21, 1997 in Albany County, which granted plaintiff's motion to amend the ad damnum clause of its complaint, and (2) from a judgment of said court, entered August 19, 1997 in Albany County, upon a verdict rendered in favor of plaintiff.

This matter puts in issue the question of whether statutory penalties awarded against defendant for gasoline spills from its service station tanks after a trial by jury were excessive

and whether Supreme Court erred in permitting plaintiff to amend its ad damnum clause on the eve of trial.

Plaintiff commenced this action against defendant on May 3, 1988 to recover costs incurred by plaintiff to investigate and monitor a gasoline discharge at defendant's gas station. The original ad damnum clause requested an award of statutory penalties of $50,000 in addition to $11,028.84 for costs of cleanup. Supreme Court permitted an amendment of the ad damnum clause on July 21, 1997, allowing the limit to be removed regarding statutory penalties.

The record discloses that three gasoline tanks, located on defendant's property at its service station, in the Village of Spring Valley, Rockland County, failed a tightness test which was required by the Rockland County Health Department Code. One of the tanks was of 5,000-gallon capacity and two others of 3,000-gallon capacity each. It appears that defendant's manager failed to report the failure to the authorities. One of the tanks indicated a leakage of up to 3.7 gallons per hour. After Michael Mahoney, an engineer for the County Department of Health, learned of the results from the testing entity, he ordered defendant to take immediate steps to remedy the contamination; that is, to remove the tanks from the ground by August 24, 1984 in the presence of a representative from the Department of Transportation (hereinafter DOT) and to install observation wells into the groundwater, the number and location of which was to be determined by the County Health Department. The County advised defendant that its failure to report the leaks and in removing the tanks without a Health Department representative present was in violation of the County Sanitary Code requiring any loss of petroleum products to be reported within six hours and a like report to the DOT within two hours. This was not accomplished as ordered.

Defendant continued to sell gas until it removed two of the three offending tanks, without supervision, on September 19, 1984. Mahoney happened on the scene and indicated that there was a gasoline smell emanating from the excavation. Defendant was then ordered to place monitoring wells to check the contamination. Tests of the ground water indicated the presence of gasoline. An expert witness testified that there was danger to municipal water wells across the street from defendant's tanks as a result of the ground contamination. Defendant was ordered to install more monitoring wells. Defendant gave no response. Further orders, now emanating from DOT to whom responsibility for enforcement was transferred, were not acted upon. Plaintiff then hired a private firm to install sample wells to monitor the spills.

On August 1, 1997 the jury found defendant liable for $9,500 in cleanup and removal costs incurred by plaintiff and for $157,000 in statutory penalties. Judgment was entered to this effect. Defendant's motion to set aside the verdict was denied. Defendant appeals from the judgment and from the order granting leave to amend the ad damnum clause.

We find defendant's contention that the amendment was improperly granted to no avail. Leave to amend a pleading is to be freely given pursuant to CPLR 3025 (b). Mere lateness in seeking such relief is not in itself sufficient to bar amendment. Significant prejudice to the other side must be established in addition to lateness (*see, Simmons v Austin*, 163 AD2d 720).

To establish prejudice, it must be shown that defendant has been hindered from the preparation of its case or has been prevented from taking some measure in support of its position (*see, Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23). Such has not been established by defendant. Although defendant claims an economic impact because of the exposure to greater liability, this is insufficient to warrant denial of a motion to amend (*see, id.*). We find that Supreme Court properly permitted the amendment to the ad damnum clause.

Defendant also urges that Supreme Court erred in its charge on penalties in that it afforded the jury no discretion to moderate or eliminate penalties. Navigation Law § 192 provides that a penalty not to exceed $25,000 per occurrence shall be imposed. Use of the word "shall" indicated that the penalty is mandatory. The court thus did not err in instructing the jury that a penalty was mandatory if defendant were found liable (*see, State of New York v Tarrytown Corporate Ctr. II*, 225 AD2d 82, 85).

The tank failure occurred on July 27, 1984 and went unreported to the proper authorities. DOT itself ascertained the result of the tank testing on August 23, 1984 by inquiry of the testing firm. The tanks were not emptied or removed as ordered until September 27, 1984. Meanwhile, defendant continued to dispense gas therefrom. There is ample evidence in the record to support the jury's findings that defendant failed to comply with the Navigation Law and that the seriousness of its violation justified a penalty of $157,000. The jury properly exercised its discretion in setting the penalty.

We reject as well defendant's contention that Supreme Court erred in disallowing a challenge for cause to a juror. Defendant has failed to establish that the ruling was erroneous. There is support in the record sustaining the denial of the challenge.

Mercure, Crew III, Peters and Carpinello, JJ., concur.

Ordered that the order and judgment are affirmed, without costs.