■ DAVID PARSONS, Respondent, v BORDEN, INC., Also Known as BORDEN COMPANY, Defendant and Third-Party Plaintiff. JOHN W. PAYNE CONSTRUCTION, INC., Third-Party Defendant-Appellant. [710 NYS2d 446] —Cardona, P. J. Appeal from an order of the Supreme Court (Dowd, J.), entered July 7, 1999 in Chenango County, which, *inter alia,* granted plaintiff's motion to amend the complaint by increasing the ad damnum clause.

In May 1989, plaintiff was employed as a laborer for third-party defendant, a construction company retained by defendant to demolish and remove a large storage tank from a building located in the Village of Bainbridge, Chenango County. While attempting to access the top of the building without a scaffold or ladder, plaintiff climbed onto the handrail of a catwalk and then to the top of the tank where he grabbed a sprinkler which he attempted to use as a handhold. When the sprinkler gave way, plaintiff fell approximately 28 feet sustaining serious injuries, including the fracture of three thoracic vertebrae.

In February 1990, plaintiff commenced this action against defendant seeking damages in the amount of $1,000,000. After service of its answer, defendant served a third-party complaint for contribution and/or indemnification against third-party defendant. Following discovery, Supreme Court granted plaintiff's motion for summary judgment on the issue of liability under Labor Law § 240 (1).

Thereafter, in February 1999, plaintiff moved for leave to amend his complaint by increasing the ad damnum clause from $1,000,000 to $10,000,000. At the same time, he moved for an order, *inter alia,* directing third-party defendant to disclose the

names, addresses and proposed testimony of witnesses having information concerning plaintiff's physical condition following the accident. Third-party defendant cross-moved for a protective order with respect to plaintiff's demand for the identity of such witnesses. Supreme Court, *inter alia*, granted plaintiff permission to amend the ad damnum clause and directed third-party defendant to disclose the names and addresses of such witnesses but not their statements. This appeal by third-party defendant ensued.

Turning first to the amendment of the complaint, we note that leave to amend is within the discretion of the trial court and shall be "freely given" absent prejudice to the opposing party (CPLR 3025 [b]; *see, Henderson v United Parcel Serv.*, 245 AD2d 789, 790). Where the party requesting the amendment seeks an increase in the ad damnum clause based upon new or aggravated injuries, it is incumbent upon that party to submit medical proof substantiating the nature, severity and cause of such injuries (*see, Henderson v United Parcel Serv., supra*, at 791; *Clark v Globe Bus. Furniture*, 237 AD2d 846, 848; *Simmons v Austin*, 163 AD2d 720).

Plaintiff submitted voluminous medical documentation establishing that, during an extended course of treatment, he experienced complications from his initial injuries resulting in a permanent and severely disabling medical condition. Immediately following the accident, plaintiff underwent posterior spinal fusion of the fractured vertebrae requiring the insertion of specialized hardware and a bone graft. Thereafter, between May 1990 and August 1994, plaintiff had six surgical operations to address various problems arising from his original injuries. Because he continued to experience pain and developed an infection from the hardware, it had to be removed and replaced on more than one occasion. In addition, plaintiff had to undergo repeated spinal fusion and bone grafts. Furthermore, he developed a kyphotic deformity necessitating a complicated surgical procedure to reconstruct his thoracic and lumbar spine and requiring the removal of a portion of his 10th rib. Plaintiff required further surgery for irrigation and debridement of the wound site. He subsequently contracted a staph infection and had a life-threatening allergic reaction to the antibiotic used to treat it. Plaintiff's physician evaluated him in August 1997, at which time he indicated that plaintiff continues to experience pain which will continue "on a permanent basis" due to the fact that he still has a nonunion of the spine. In view of the foregoing medical proof and the absence of any showing of prejudice to third-party defendant, we do not

find that Supreme Court abused its discretion in permitting plaintiff to increase the amount of damages requested in the complaint.

Next, we address plaintiff's demand for the disclosure of information concerning potential witnesses with knowledge of plaintiff's condition following the accident. CPLR 3101 (a) provides for "full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof." There are, however, exceptions to this rule with respect to material that is (1) privileged, (2) an attorney's work product, or (3) prepared in anticipation of litigation (see, CPLR 3101 [b], [c], [d]). Here, the witness information which Supreme Court directed third-party defendant to disclose does not fall within any of these exceptions. Inasmuch as the court narrowly tailored its directive to the names and addresses of such witnesses (see, Culbert v City of New York, 254 AD2d 385, 387), we find no abuse of discretion. Therefore, we decline to disturb Supreme Court's order.

Mercure, Graffeo, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.