■ JOHN M. BANSBACH, Respondent, v MICHAEL F. ZINN et al., Appellants. [742 NYS2d 708] —Crew III, J. Appeal from an order of the Supreme Court (Connor, J.), entered April 23, 2001 in Ulster County, which, inter alia, denied defendants' motion for summary judgment dismissing the complaint.

A more detailed statement of facts regarding this matter is set forth in this Court's prior decision (258 AD2d 710). Briefly, this shareholder derivative action was brought by plaintiff on behalf of Besicorp Group Inc. to recover, inter alia, moneys paid by Besicorp to certain defendants as reimbursement for legal fees incurred as the result of a federal investigation and prosecution for violations of federal campaign finance laws.

Defendants thereafter moved to dismiss the complaint contending, inter alia, that plaintiff failed to comply with Business Corporation Law § 626 (c) by making a demand upon Besicorp's board of directors to bring the action in the corporation's name. Supreme Court granted the motion and we reversed and reinstated the complaint, holding that the allegations in the complaint were sufficiently detailed to plead futility of a demand based upon the "interested director" exception (*id.* at 712).

Following remittal and additional discovery, defendants moved for summary judgment and plaintiff cross-moved for similar relief. Supreme Court denied defendants' motion and granted plaintiff's cross motion insofar as it sought judgment against defendant Michael F. Zinn for breach of fiduciary duty and corporate waste. Defendants now appeal.

Defendants contend that our determination in *Lichtenberg v Zinn* (260 AD2d 741, *lv denied* 94 NY2d 754) should be given collateral estoppel effect, thus entitling them to summary judgment. We agree. Business Corporation Law § 626 (c) requires, as a condition precedent to the maintenance of a shareholder derivative action, that the plaintiff make a demand upon the corporation's board of directors to take action with respect to the wrongs alleged. However, such demand will be excused as futile when, as alleged here, "a majority of the board of directors is interested in the challenged transaction" (*Marx v Akers*, 88 NY2d 189, 200). In *Lichtenberg*, the plaintiff shareholder brought a derivative action against Zinn and others alleging breach of fiduciary duty and corporate waste. Supreme Court granted the defendants' motion for summary judgment and, in affirming, we concluded that the directors' personal relationships and prior business dealings with Zinn were insufficient to create a question of fact regarding the directors' independence and, further, that the directors were not, as the plaintiff claimed, Zinn's "cronies" (*Lichtenberg v Zinn, supra* at 742-743). That is the precise issue being litigated here and, inasmuch as Besicorp was the real party in interest in *Lichtenberg* as well as here, and there having been a full and fair opportunity to litigate the issue of Zinn's control and domination of the board of directors, collateral estoppel should prevent the relitigation of that issue (*see, Pinnacle Consultants v Leucadia Natl. Corp.*, 94 NY2d 426, 432-433).

As a final matter, much is made by plaintiff of the directors' approval of a 1999 decision to indemnify Zinn for all legal costs and expenses that he incurred in connection with the federal criminal proceedings, including the fine imposed upon him.

Plaintiff asserts that such a determination is so egregious on its face that it could not have been the product of the directors' sound business judgment, thus excusing a demand. While this may be so, we need note only that Business Corporation Law § 626 (c) requires a prelitigation demand as a condition precedent to a derivative action and, therefore, plaintiff cannot plead the futility of such a demand based upon facts that occur after the commencement of the action (*see, Bryan v West 81 St. Owners Corp.*, 186 AD2d 514, 515).*

Mercure, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' motion and partially granted plaintiff's cross motion for summary judgment; cross motion denied in its entirety, motion granted, summary judgment awarded to defendants and complaint dismissed; and, as so modified, affirmed.

---

* In our prior decision in this matter, we held that, "[t]o the extent that plaintiff's complaint may be read as alleging that the board of directors' conduct in the payment of [Zinn's] legal fees was so flagrant and egregious that it could not have been the product of sound business judgment * * *, we find plaintiff's conclusory assertions in this regard to be insufficient to excuse demand upon this basis" (258 AD2d 710, 712 n 1, *supra* [citation omitted]).