■ JOHN BANSBACH, Respondent, v MICHAEL F. ZINN, Appellant, et al., Defendants. [798 NYS2d 549]—

Crew III, J.P. Appeal from an order of the Supreme Court (Connor, J.), entered July 23, 2004 in Ulster County, which denied defendant's motion to renew.

A more detailed recitation of the factual history of this case may be found in our prior decisions (294 AD2d 762 [2002], *mod* 1 NY3d 1 [2003]; 258 AD2d 710 [1999]). Briefly, this shareholder derivative action was commenced by plaintiff on behalf of Besicorp Group Inc. to recover legal fees and other costs incurred by the corporation on behalf of, among others, defendant Michael F. Zinn, the corporation's founder, in connection with the federal investigation and subsequent indictment of

Zinn on various federal campaign finance law violations. In April 2001, Supreme Court held that Zinn was not entitled to indemnification under Business Corporation Law § 722 for legal fees and other related expenses and, thus, awarded plaintiff partial summary judgment against Zinn on the issue of liability. Upon appeal, this Court reversed (294 AD2d 762 [2002], *supra*) and, ultimately, the Court of Appeals modified (1 NY3d 1 [2003]) and reinstated Supreme Court's original determination.

Zinn thereafter moved to renew his opposition to plaintiff's original motion for summary judgment, relying primarily upon a letter authored by the judge who sentenced him in federal court upon his plea of guilty. Supreme Court denied the motion, finding that Zinn had failed to proffer a reasonable excuse for not submitting the cited letter to the court in the first instance and, further, that the contents thereof in no way altered the court's prior decision on plaintiff's motion for summary judgment. This appeal by Zinn ensued.

We affirm. Pursuant to CPLR 2221 (e) (2) and (3), a motion to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination . . . and . . . shall contain reasonable justification for the failure to present such facts on the prior motion." Zinn's application here, consisting primarily of a letter authored by the judge who sentenced him in federal court, fails to meet that standard. Even accepting Zinn's proffered excuse for the delay—namely, that the letter in question did not exist at the time of plaintiff's original motion—nothing contained in that document in any way alters the fact that Zinn admitted, on the record in open court, that he knowingly and intentionally violated federal campaign finance laws. Stated another way, the mere fact that the sentencing judge, with the benefit of hindsight, expressed in a letter to the Florida clemency board his opinion that Zinn's conduct was the product of aberrant behavior and political naivety does not undermine Zinn's admissions made in connection with the plea bargain he received. Indeed, given the Court of Appeals' determination that Zinn's sworn admissions "[left] no room for [a] finding that he was entitled to indemnification by Besicorp because he acted in good faith, for a purpose he reasonably believed to be in the best interest of the corporation and had no reasonable cause to believe that his conduct was unlawful" (1 NY3d 1, 13 [2003], *supra*), Supreme Court had no choice but to deny Zinn's motion for renewal on this ground. As to the balance of the proof submitted by Zinn in support of his motion, we agree with Supreme Court that Zinn failed to provide any justification for not presenting such proof to the

court in the first instance. Accordingly, Supreme Court quite properly denied Zinn's motion in its entirety.

Spain, Mugglin and Rose, JJ., concur; Peters, J., not taking part. Ordered that the order is affirmed, with costs.