■ Kosta Konstantinovic et al., Respondents, v I.T.M. Jumberca, Inc., Appellant. [611 NYS2d 617] —In an action to recover damages for personal injuries, the defendant, Jumberca Service Corp., sued as I.T.M. Jumberca, Inc., appeals from an order of the Supreme Court, Kings County (Kramer, J.), dated April 14, 1992, which denied its motion for summary judgment dismissing the complaint on the ground that the court lacked personal jurisdiction over it, granted the plaintiffs' cross motion, *inter alia,* to strike the affirmative defense of lack of personal jurisdiction, and directed the plaintiffs to amend the caption of the complaint pursuant to CPLR 305 (c).

Ordered that the order is reversed, on the law and the facts, with costs, the defendant's motion is granted, the plaintiffs' cross motion is denied, and the complaint is dismissed.

In or about September 1987, the plaintiff, Kosta Konstantinovic, was allegedly injured while operating a computerized knitting machine at his place of employment. In or about August 1989 the instant action was commenced on behalf of Konstantinovic and his wife premised on theories of strict products liability and breach of warranty. The complaint alleges that the machine in question was negligently designed and manufactured and placed into the marketplace with a latent and inherently dangerous defect. Further, the complaint alleges that a non-existent corporation, I.T.M. Jumberca, Inc., was the manufacturer of the machine and sold it to the plaintiff's employer.

On or about August 15, 1989, a summons and complaint naming the non-existent corporation, I.T.M. Jumberca, Inc., as the only party defendant, were served upon the Secretary of State purportedly to effectuate service pursuant to Business Corporation Law § 307. A copy of the summons and complaint was subsequently forwarded by certified mail, return receipt requested, to 100 Summa Avenue, in Westbury, New York, the address where Jumberca Service Corp. (hereinafter Jumberca Service) had its principal place of business. A second corporation, I.T.M. Limited, also had its principal place of business at the same address.

Jumberca Service received a copy of the summons and complaint in September or October 1989 and interposed an answer on or about November 1, 1989. In its answer the corporation's proper legal name is identified as is the nature of its business, which is the repair, rather than the manufacture or sale of knitting machines. At the same time, counsel for the respective parties had a telephone conversation in which the attorney for Jumberca Service confirmed the information asserted in the answer. During this conversation, the attorney for the plaintiffs indicated that it might well be that he did not intend to name Jumberca Service as a defendant. He indicated that he "would get back to [the attorney for Jumberca Service] about this".

The attorney for Jumberca Service was not contacted again with respect to this issue, and there was no further movement in the action until July 25, 1991, when the plaintiffs' attorney served a notice to take the deposition of the non-existent corporation, I.T.M. Jumberca, Inc.

Jumberca Service moved for summary judgment seeking dismissal on the ground of lack of personal jurisdiction. The plaintiffs cross-moved to dismiss the affirmative defense of lack of jurisdiction and "for such other and further relief as to this court seems just and proper". The Supreme Court denied the defendant's motion, granted the cross motion, and directed the plaintiffs to amend the caption of the complaint pursuant to CPLR 305 (c).

Service upon a misnamed party may be sufficient to obtain personal jurisdiction provided the pleadings are sufficient to fairly apprise the intended, but misnamed defendant, that it was the party the action was intended to affect (see, Simpson v Kenston Warehousing Corp., 154 AD2d 526, 527). Under the circumstances of this case, we disagree with the court's conclusion that Jumberca Service was fairly apprised that it was

the party the plaintiffs intended to sue. The allegations of the complaint indicate that the plaintiffs intended to sue the manufacturer or distributor of the subject machine. The plaintiffs' attorney, promptly apprised by the defendant that he had sued a non-existent corporation, and that Jumberca Service Corp. did not manufacture or sell such machines, never made any effort to verify or controvert these facts. The plaintiffs' attorney never contacted the defendant's attorney to indicate that his clients intended to continue the action, and did nothing more to prosecute the matter until July 1991, approximately one year and nine months later. Accordingly, Jumberca Service could reasonably conclude that it was not the intended party defendant.

Moreover, it appears that the defendant would be substantially prejudiced by permitting the instant action to continue against it with an amendment of the caption. During the lengthy period of inactivity in the prosecution of this action, it appears that the plaintiff's employer has gone out of business and the subject knitting machine can no longer be located.

Because of the misnomer in this case, and because we find that Jumberca Service did not receive fair and timely notice of the fact that it was the intended party defendant, we conclude that dismissal on the ground of lack of personal jurisdiction is warranted. Balletta, J. P., Rosenblatt and Ritter, JJ., concur.

Altman, J., dissents and votes to affirm with the following memorandum: In August 1989, approximately two years after he was injured, the plaintiff and his wife commenced this action by service of a summons and complaint on the New York Secretary of State, misdesignating the defendant as "I.T.M. Jumberca, Inc." In mid-September 1989, the plaintiffs also sent a summons and complaint, by registered mail with return receipt requested, to this same entity at a place of business in Westbury, New York.

On September 14, 1989, the registered mail was accepted and signed for at this address by an alleged employee of the intended defendant, Jumberca Service Corp. (hereinafter Jumberca Service), a corporation engaged in the repair of specialized knitting machines. Nevertheless, Jumberca Service claims that it did not learn of the action until October 1, 1989, when a secretary employed by I.T.M., Ltd., an independently operated corporation in the knitting industry business, located at the same address and sharing a phone number with Jumberca Service, informed the acting president of Jumberca Service of the complaint. On October 20, 1989, the plaintiffs'

counsel faxed copies of the summons and complaint to an employee identified as the comptroller of Jumberca Service, pursuant to the employee's direction.

In November 1989 Jumberca Service served an answer in which it denied the material allegations of the complaint and asserted the affirmative defense of lack of personal jurisdiction. In November 1991 Jumberca Service moved for summary judgment on the ground of lack of personal jurisdiction and the plaintiffs cross-moved to strike this affirmative defense. The court denied the defendant's motion, granted the plaintiffs' cross motion, and directed the amendment of the caption.

When the proper party to an action is served despite a misnomer in the caption, an amendment to correct the caption is permitted pursuant to CPLR 305 (c) where, as here, the misnamed party was fairly apprised that it was the intended party defendant and thus suffered no prejudice (see, Ober v Rye Town Hilton, 159 AD2d 16, 19-20; see also, Stuyvesant v Weil, 167 NY 421; Simpson v Kenston Warehousing Corp., 154 AD2d 526; Creative Cabinet Corp. v Future Visions Computer Store, 140 AD2d 483).

The defendant Jumberca Service was at all times aware that it was the intended defendant. The plaintiffs' delay in proceeding with discovery and inaction in seeking to amend the caption do not impact on the issue of whether the defendant was properly served and was aware that it was the intended defendant. Nor are the facts that the injured plaintiff's employer had gone out of business and that the knitting machine had disappeared relevant on the issue. Nothing prevented Jumberca Service from proceeding with discovery. Its own inaction cannot now become the instrumentality for demonstrating prejudice when none existed at the time service was completed.