(July 26, 2004)

■ Arra Ashjian, Respondent, v Orion Power Holdings, Inc., Appellants, et al., Defendants. [779 NYS2d 924]—

In an action to recover damages for personal injuries, the defendants Orion Power Holdings, Inc., Orion Power New York GP II, Inc., Orion Power New York GP, Inc., Orion Power New York LP, Inc., Orion Power New York LP, LLC, Orion Power New York L.P., and Orion Power Operating Services Astoria, Inc., appeal from an order of the Supreme Court, Kings County (Harkavy, J.), dated September 10, 2003, which denied their motion to change the venue of the action from Kings County to Westchester County and granted the plaintiff's cross motion to retain venue in Kings County.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action in Kings County, basing venue on the defendants' residence. For purposes of venue, the sole residence of a foreign corporation is the county in which its principal office is located, as designated in its application for authority to conduct business filed with the State of New York (*see* CPLR 503 [c]; Business Corporation Law § 102 [a] [10]; *Bailon v Avis Rent A Car*, 270 AD2d 439, 440 [2000]; *Collins v*

*Trigen Energy Corp.*, 210 AD2d 283 [1994]; *Voorhees v Babcock & Wilcox Corp.*, 150 AD2d 677 [1989]; *General Precision v Ametek, Inc.*, 24 AD2d 757 [1965]). The appellants failed to produce any of their applications for authority to conduct business or otherwise to establish sufficiently that none of their principal offices was located in Kings County. Accordingly, the motion to change venue was properly denied, and the cross motion to retain venue in Kings County was properly granted. Florio, J.P., Krausman, Townes, Mastro and Fisher, JJ., concur.