■ Boleslaw Zarzycki et al., Respondents, v Lan Metal Products Corp. et al., Appellants, and Amada America, Inc., Respondent. [879 NYS2d 174]—

In an action, inter alia, to recover damages for personal injuries, etc., the defendants Lan Metal Products Corp., a de facto corporation, Hertz Technology Group Inc., and Hertz Computer Corp. appeal from an order of the Supreme Court, Kings County (Saitta, J.), dated July 10, 2008, which denied, without prejudice to renewal after the completion of discovery, their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs, and the motion of the defendants Lan Metal Products

Corp., a de facto corporation, Hertz Technology Group, Inc., and Hertz Computer Corp. for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.

In 2005 the plaintiff Boleslaw Zarzycki (hereinafter the injured plaintiff) was injured while working on a brake press machine at his place of employment at Hergo Ergonomic Support Systems, Inc. (hereinafter Hergo). As a result, the plaintiff and his wife, suing derivatively, commenced the instant action against the defendants to recover damages for personal injuries, asserting causes of action sounding in, inter alia, negligence and strict products liability. The defendants Lan Metal Products Corp., a de facto corporation (hereinafter Lan Metal), Hertz Technology Group, Inc. (hereinafter Hertz Tech), and Hertz Computer Corp. (hereinafter Hertz Computer) together moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, arguing, inter alia, that they either were no longer in business at the relevant time or had no connection to the injured plaintiff's accident. The Supreme Court denied their motion, without prejudice to renewal after the completion of discovery. We reverse.

Contrary to the plaintiffs' arguments, the defendant Lan Metal established its prima facie entitlement to judgment as a matter of law by submitting proof that it could not be held liable for the injured plaintiff's personal injuries or his wife's derivative cause of action because it had no corporate existence at the time of the accident, which occurred six years after its 1999 merger into Hergo. Lan Metal, as an " 'absorbed corporation[,] immediately cease[d] to exist as a separate entity, and may no longer be a named party in litigation' " (*Westside Fed. Sav. & Loan Assn. of N.Y. City v Fitzgerald,* 136 AD2d 699 [1988], quoting *Sheldon v Kimberly-Clark Corp.,* 105 AD2d 273, 276 [1984]; *see* Business Corporation Law § 906), nor is it entitled to "acquire rights by contract or otherwise, incur debts or other liabilities either in contract or tort, [or] sue or be sued" (*Kiamesha Dev. Corp. v Guild Props.,* 4 NY2d 378, 389 [1958]; *see Farrell v Housekeeper,* 298 AD2d 488, 489 [2002]). Since Lan Metal was a nonexistent entity at the time of the subject accident, summary judgment dismissing the complaint insofar as asserted against it was warranted (*see Konstantinovic v I.T.M. Jumberca,* 204 AD2d 403, 404-405 [1994]).

Similarly, Hertz Tech and Hertz Computer provided sufficient evidence to establish, prima facie, their entitlement to judgment as a matter of law in that they had no role in the ownership, management, or operation of Hergo, or in the installation and

maintenance of Hergo's allegedly defective machine. In particular, Hertz Computer had ceased to conduct business before the date of the accident, and Hertz Tech had severed its ties with Hergo and became a California corporation in 2001, ceasing to conduct any business in New York State.

In opposition, the plaintiffs failed to submit evidence sufficient to raise a triable issue of fact as to the continuing existence or connection to the accident of Lan Metal, Hertz Tech, or Hertz Computer (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320; *Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]). In fact, the injured plaintiff testified that he had no knowledge of the existence of any of these corporations. The plaintiffs' mere hope and speculation that further discovery would reveal the existence of sufficient evidence to defeat the motion for summary judgment was insufficient to delay determination of this motion (*see Breytman v Olinville Realty, LLC*, 46 AD3d 484, 485 [2007]; *Matuszak v B.R.K. Brands, Inc.*, 23 AD3d 628 [2005]; *Spatola v Gelco Corp.*, 5 AD3d 469, 470 [2004]).

The contentions of the defendant Amada America, Inc., are without merit.

Accordingly, the motion of the defendants Lan Metal, Hertz Tech, and Hertz Computer for summary judgment dismissing the complaint and all cross claims insofar as asserted against them should have been granted. Mastro, J.P., Covello, Balkin and Austin, JJ., concur.