■ JOHN P. CAREY, Appellant, v ANHEUSER-BUSCH, INCORPORATED, et al., Respondents. [882 NYS2d 456]—

In an action to recover damages for personal injuries, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Weber, J.), entered September 15, 2008, as adjourned the motion of the defendant Anheuser-Busch, Incorporated, pursuant to CPLR 510 (1) and 511 to change the venue of the action from Queens County to Suffolk County and pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against it, and (2) from an order of the same court dated October 17, 2008, which granted that branch of the motion of the defendant Anheuser-Busch, Incorporated, which was pursuant to CPLR 510 (1) and 511 to change the venue of the action from Queens County to Suffolk County.

Ordered that the appeal from so much of the order entered September 15, 2008, as adjourned the motion of the defendant Anheuser-Busch, Incorporated, is dismissed, as no appeal lies as of right from an order that does not decide a motion made on notice (*see* CPLR 5701 [a] [2]), and leave to appeal has not been granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order dated October 17, 2008 is reversed, on the law, that branch of the motion of the defendant Anheuser-Busch, Incorporated, which was pursuant to CPLR 510 (1) and 511 to change the venue of the action from Queens County to Suffolk County is denied, and the Clerk of the Supreme Court, Suffolk County, is directed to deliver to the Clerk of the Supreme Court, Queens County, all papers filed in this action and certified copies of all minutes and entries (*see* CPLR 511 [d]); and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the respondents appearing separately and filing separate briefs.

The Supreme Court erred in granting that branch of the motion of the defendant Anheuser-Busch, Incorporated (hereinaf-

ter the defendant), which was pursuant to CPLR 510 (1) and 511 to change the venue of the action from Queens County to Suffolk County on the ground that the defendant's residence, upon which venue was solely based, was not in Queens County. In support of that branch of its motion which was for a change of venue, the defendant, a foreign corporation, failed to produce its application for authority to conduct business filed with the State of New York or otherwise to establish sufficiently that its principal office was not located in Queens County (*see* CPLR 503 [c]; Business Corporation Law § 102 [a] [10]; *Ashjian v Orion Power Holdings, Inc.*, 9 AD3d 440 [2004]; *Bailon v Avis Rent A Car*, 270 AD2d 439 [2000]; *Collins v Trigen Energy Corp.*, 210 AD2d 283 [1994]). Accordingly, that branch of the defendant's motion which was to change the venue of the action should have been denied.

In light of our determination, we decline the defendant's request to impose a sanction against the plaintiff for bringing an allegedly frivolous appeal (*see* 22 NYCRR 130-1.1). Skelos, J.P., Florio, Balkin, Belen and Austin, JJ., concur.