■ Lucille DeMichael, Appellant, v Matthew Jaeger et al., Respondents, et al., Defendants. [894 NYS2d 508]—

In an action to recover damages for medical malpractice, etc., the plaintiff appeals from an order of the Supreme Court, Nassau County (Iannacci, J.), entered January 30, 2009, which granted the motion of the defendant Kingston Hospital to change the venue of the action from Nassau County to Ulster County.

Ordered that the order is reversed, on the law, with one bill of costs, the defendant's motion for a change of venue is denied, and the Clerk of the Supreme Court, Ulster County, is directed to deliver to the Clerk of the Supreme Court, Nassau County, all papers filed in this action and certified copies of all minutes and entries (*see* CPLR 511 [d]).

For venue purposes, the sole residence of a foreign corporation is the county in which its principal office is located, as designated in its application for authority to conduct business filed with the State of New York, or an amendment thereof (*see* CPLR 503 [c]; Business Corporation Law § 102 [a] [10]; *Ashjian v Orion Power Holdings, Inc.*, 9 AD3d 440 [2004]; *Bailon v Avis Rent A Car*, 270 AD2d 439 [2000]; *Collins v Trigen Energy Corp.*, 210 AD2d 283 [1994]). Thus, the plaintiff properly placed venue of this action in Nassau County, as that was the county designated by the defendant American Teleradiology Nighthawks, P.C., in its application for authority. The defendant Kingston Hospital failed to sustain its burden of demonstrating that the convenience of nonparty witnesses would be served by changing venue from Nassau County to Ulster County (*see* *Walsh v Mystic Tank Lines Corp.*, 51 AD3d 908 [2008]; *Markowitz v Makura, Inc.*, 29 AD3d 650 [2006]; *Mei Ying Wu v Waldbaum, Inc.*, 284 AD2d 434 [2001]; *McAdoo v Levinson*, 143 AD2d 819 [1988]). Fisher, J.P., Angiolillo, Hall and Lott, JJ., concur.