■ MYOUNG HEE YI, Respondent, v MEITETSU EXPRESS et al., Appellants. [910 NYS2d 688]—

In an action to recover damages for personal injuries, the de-

fendants appeal from an order of the Supreme Court, Queens County (Taylor, J.), dated September 22, 2009, which denied their motion pursuant to CPLR 510 (1) and 511 (b) for a change of venue from Queens County to Nassau County.

Ordered that the order is reversed, on the law, with costs, the defendants' motion pursuant to CPLR 510 (1) and 511 (b) for a change of venue from Queens County to Nassau County is granted, and the Clerk of the Supreme Court, Queens County, is directed to deliver to the Clerk of the Supreme Court, Nassau County, all papers filed in this action and certified copies of all minutes and entries (see CPLR 511 [d]).

For venue purposes, generally the sole residence of a foreign corporation is the county within the State in which its principal office is located, as designated in its application for authority to conduct business filed with the State of New York, or an amendment thereof (see CPLR 503 [c]; Business Corporation Law § 102 [a] [10]; Ashjian v Orion Power Holdings, Inc., 9 AD3d 440 [2004]; Bailon v Avis Rent A Car, 270 AD2d 439, 440 [2000]; Collins v Trigen Energy Corp., 210 AD2d 283 [1994]). Thus, here, where the general rule applies, New York County was the residence of the defendant Meitetsu Express, a California corporation authorized to do business in New York State, as that was the county designated in its application for authority. Accordingly, since none of the parties maintained a residence in Queens County, the plaintiff's designation of Queens County as the place of trial was improper, and the Supreme Court erred in denying the defendants' motion for a change of venue from Queens County to Nassau County, where the plaintiff and the individual defendant resided and the accident occurred. Rivera, J.P., Covello, Eng, Leventhal and Austin, JJ., concur.