■ GRAFTON PHILLIPS, Appellant, v BOVIS LEND LEASE et al., Defendants, and SOCIETY OF NEW YORK HOSPITAL, INC., Respondent. [960 NYS2d 140]—

In an action to recover damages for personal injuries, the

plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Strauss, J.), entered February 11, 2011, as denied his motion for leave to enter a default judgment against the defendant Society of the New York Hospital, Inc., upon that defendant's default in appearing or answering the complaint, and granted the, in effect, converted cross motion of the defendant Society of the New York Hospital, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

On November 29, 2006, the plaintiff, an employee of New York Presbyterian Hospital, allegedly was injured at work when he tripped and fell over a wire strung across his path. At the time of the accident, construction was taking place at the premises where the plaintiff was working.

The plaintiff commenced this action to recover damages for personal injuries against Bovis Lend Lease, Universal Building Supply, Society of the New York Hospital, Inc. (hereinafter the Society), and WDF, Inc. All of the defendants, except the Society, answered the complaint.

Counsel for the Society advised the plaintiff's counsel that the plaintiff had improperly named the Society as a defendant. She explained that the Society was no longer in existence, having merged with Presbyterian Hospital in the City of New York in 1998 to form New York Presbyterian Hospital (hereinafter New York Presbyterian). An affidavit was proffered to that effect from the Director of Finance of New York Presbyterian. The Society's counsel also told the plaintiff's counsel that New York Presbyterian had not been served with the complaint and that the plaintiff could not maintain this action against New York Presbyterian, the Society's successor-in-interest, since New York Presbyterian was the plaintiff's employer and the plaintiff had received workers' compensation insurance benefits related to the subject accident.

The plaintiff moved for leave to enter a default judgment against the Society. The Society cross-moved to dismiss the complaint insofar as asserted against it. The Supreme Court, inter alia, denied the plaintiff's motion. It also, in effect, converted the Society's cross motion into one for summary judgment dismissing the complaint insofar as asserted against the Society based upon the arguments raised by the parties and the evidence submitted with respect to the cross motion, and granted the cross motion. The plaintiff appeals.

The Supreme Court properly awarded the Society summary

judgment dismissing the complaint insofar as asserted against it, since the evidence submitted established, as a matter of law, that the Society did not exist as of the date of the accident (*see Zarzycki v Lan Metal Prods. Corp.*, 62 AD3d 788, 789 [2009]; *Clark v LeCroy Research Sys.*, 202 AD2d 620 [1994]; *see also Konstantinovic v I.T.M. Jumberca*, 204 AD2d 403 [1994]), and the plaintiff failed to raise a triable issue of fact on that topic. For this reason, the Supreme Court also properly denied the plaintiff's motion for leave to enter a default judgment against the Society (*see e.g. Curry v New York City Tr. Auth.*, 30 AD3d 299, 299 [2006]).

Moreover, any action against the Society as the owner of the premises where the accident occurred was actually an action against New York Presbyterian, the Society's successor-in-interest. Since New York Presbyterian was the plaintiff's employer, any claim by the plaintiff against that entity was barred by Workers' Compensation Law § 11 (*see Rainey v Jefferson Vil. Condo No. 11 Assoc.*, 203 AD2d 544, 546 [1994]; *see also Hyman v Agtuca Realty Corp.*, 79 AD3d 1100, 1100-1101 [2010]; *Samuel v Fourth Ave. Assoc., LLC*, 75 AD3d 594, 594-595 [2010]; *Anduaga v AHRC NYC New Projects, Inc.*, 57 AD3d 925, 925 [2008]; *Ortega v Noxxen Realty Corp.*, 26 AD3d 361, 362 [2006]).

The plaintiff's remaining contention is without merit. Angiolillo, J.P., Leventhal, Austin and Roman, JJ., concur.