In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Saitta, J.), dated May 24, 2012, which, in effect, denied its renewed motion to transfer venue of this action from Kings County to Suffolk County and granted the plaintiffs renewed cross motion to transfer venue of this action from Kings County to Queens County.
Ordered that the order is reversed, on the law, with costs, the defendant’s renewed motion to transfer venue of this action from Kings County to Suffolk County is granted, the plaintiffs renewed cross motion to transfer venue of this action from Kings County to Queens County is denied, and the Clerk of the Supreme Court, Kings County, is directed to deliver to the Clerk *656 of the Supreme Court, Suffolk County, all papers filed in this action and certified copies of all minutes and entries (see CPLR 511 [d]).
The plaintiff, a Queens County resident, alleged in her complaint that on September 6, 2008, she sustained injuries as the result of a defective and dangerous elevator that was inspected, maintained, controlled, and repaired by a domestic corporation called Nouveau Elevator Industries, Inc. (hereinafter the domestic corporation). Prior to the commencement of this action, the domestic corporation merged into the defendant corporation. On April 25, 2011, the plaintiff commenced this action against the defendant, placing venue in Kings County based upon the defendant’s address. Thereafter, the defendant moved to transfer venue from Kings County to Suffolk County, claiming that it is a foreign corporation with its principal office in Suffolk County. The plaintiff cross-moved to transfer venue from Kings County to Queens County, claiming, inter alia, that both parties have their residence in Queens County.
The venue of an action shall be placed “in the county in which one of the parties resided when it was commenced” (CPLR 503 [a]). In support of its renewed motion pursuant to CPLR 503 (a), 510 and 511, the defendant, a foreign corporation, established that its principal office, at the time of commencement of this action, was located in Suffolk County, as designated in its application for authority to conduct business filed with the State of New York, despite its maintenance of an office or facility in another county (see CPLR 503 [c]; Business Corporation Law § 102 [a] [10]; Myoung Hee Yi v Meitetsu Express, 78 AD3d 914, 915 [2010]; DeMichael v Jaeger, 70 AD3d 759 [2010]; Ashjian v Orion Power Holdings, Inc., 9 AD3d 440 [2004]; Di Giovanni v Pepsico, Inc., 91 AD 2d 519, 520 [1982]; General Precision v Ametek, Inc., 24 AD2d 757, 758 [1965]). By improperly commencing the action in Kings County, the plaintiff forfeited the right to select venue (see Ruiz v Lazola, 26 AD3d 366, 367 [2006]; Fisher v Finnegan-Curtis, 8 AD3d 527, 528 [2004]).
In opposition to the defendant’s renewed motion to transfer venue, and in support of her renewed cross motion to transfer venue, the plaintiff failed to establish that any of the parties resided in Kings County at the time of the commencement of this action or that the county specified by the defendant was improper (see Fisher v Finnegan-Curtis, 8 AD3d at 528; Nixon v Federated Dept. Stores, 170 AD2d 659 [1991]). The plaintiffs proof established that the domestic corporation, which had a principal office in Queens County, had merged into the defendant prior to the commencement of this action (see CPLR 503 *657 [c]; Business Corporation Law §§ 102 [a] [10]; 907 [fj; Hamilton v Corona Ready Mix, Inc., 21 AD3d 448, 449 [2005]). Since the domestic corporation, which had ceased to exist when this action was commenced, could not be a party to this action (see Billy v Consolidated Mach. Tool Corp., 51 NY2d 152, 164 [1980]; Zarzycki v Lan Metal Prods. Corp., 62 AD3d 788, 789 [2009]; Westside Fed. Sav. & Loan Assn. of N.Y. City v Fitzgerald, 136 AD2d 699 [1988]; Sheldon v Kimberly-Clark Corp., 105 AD2d 273, 276 [1984]), the plaintiff could not base venue on the residence of that corporation (see CPLR 503 [a]). Furthermore, the plaintiff failed to demonstrate that venue should be transferred to Queens County based on the convenience of witnesses (see CPLR 510 [3]; O’Brien v Vassar Bros. Hosp., 207 AD2d 169 [1995]).
Under these circumstances of this case, the Supreme Court should have granted the defendant’s renewed motion to transfer venue as of right, and should have transferred venue of this action from Kings County to Suffolk County (see Ruiz v Lazala, 26 AD3d at 367). Dillon, J.R, Hall, Roman and Cohen, JJ., concur.