*478 Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered May 15, 2013, which denied the motion of defendant B&B Mall Associates, Inc. (B&B Mall) to change venue from Bronx County to Westchester County, unanimously affirmed, without costs.
Plaintiff Mary Fix was injured when she slipped and fell in a parking lot of a mall located in Westchester County. Plaintiffs designated venue in Bronx County on the basis of B&B Mall’s principal place of business (see CPLR 503).
In support of its motion, B&B Mall submitted an affidavit of its president averring that its principal place of business at the relevant time was in Westchester County and that it does not maintain a place of business or office in Bronx County. The conclusory affidavit, unsupported by any documentary evidence or other showing that it had designated Westchester County as its principal office, was insufficient to establish that plaintiffs’ selection of Bronx County was improper (see Broderick v R.Y. Mgt. Co., Inc., 13 AD3d 197 [1st Dept 2004]; Carey v AnheuserBusch, Inc., 63 AD3d 1094, 1094-1095 [2d Dept 2009]).
Even assuming that B&B Mall met its initial burden, plaintiffs submitted documentary evidence in opposition suggesting that B&B Mall has an office address in Bronx County and had designated Bronx County as its principal place of business with the state. B&B Mall’s further submissions in reply did not refute that information, but included a receipt from the New York State Department of State, which also indicated that it had designated Bronx County as its principal place of business.
We have considered B&B Mali’s remaining contentions and find them unavailing.
Concur—Gonzalez, EJ., Sweeny, Moskowitz, Freedman and Kapnick, JJ.